ADELLA M. HODGES *v.* C. A. TINDALL.

(*Jackson*, April Term, 1955.)

Opinion filed March 9, 1956.

W. H. FISHER and GEORGE H. ROBERTS, both of Memphis, for plaintiff.

W. C. RODGERS, of Memphis, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

We granted certiorari herein and now dispose of the case.

Adella M. Hodges sued C. A. Tindall to recover alleged usury in the amount of $1,400. At the close of the evidence in behalf of plaintiff the Court, upon motion by the defendant, directed the jury to return a verdict in his favor. The Trial Court was of opinion that there was no proof to support the allegations of the declaration. It was the contention of the plaintiff in the Trial Court and on appeal to the Court of Appeals, that there were sufficient admissions in the special pleas filed by defendant Tindall to show usury. The Court of Appeals being of the opinion that there were sufficient admissions in the pleadings to justify and require submitting the case to the jury, reversed and remanded the same. Hence the petition for certiorari on behalf of C. A. Tindall.

The sole question, therefore, for consideration by this Court is whether or not the special pleas of defendant contain any admissions which would justify and require the submission of the case to the jury.

It would serve no useful purpose to state the full details of the entire transaction as set out in the declaration. Suffice it to say the gist of the holding of the Court of Appeals is that the special plea admits certain allegations of the declaration to the effect that the plaintiff employed one W. A. Comstock, a well-known broker or agent to sell some money-raising notes for her in the face amount of $5,600 for the net amount to her of $4,000, and that he explained to her that in order for him to be able to sell them, she would have to suffer a substantial discount. Further, that defendant stated in his plea that before purchasing the notes he inspected the property.

The Court of Appeals then makes these findings:

"A part of the combined exhibit No. 1 of the declaration is a document headed 'Agent's Authority.' It is dated the 24th day of September, 1951, and it purports to authorize W. A. Comstock to sell the series of described notes in question for $4,000. The record clearly shows that these notes were not in existence at that time. The notes themselves, nor the trust deeds securing same, did not come into existence until September 28, 1951, or four days after the authority to sell was given. While the special pleas of the defendant deny usury, in express statements, they do admit that in that four-day interim, before these notes came into existence, he inspected the real estate to be conveyed as security for the payment of the notes. His admission is: '* * * that he, before purchasing same, inspected said property, but he never informed Comstock that he would lend $5600, or any other amount on said property, but after inspecting the same, he did purchase said notes for $4200 cash * * *' ''

With due deference to the Court of Appeals, we are not able to agree with the above findings. The defendant's pleas admit that certain dealings occurred between the said Comstock and the plaintiff, but the defendant does not admit that he knew of same before purchasing the notes. Quite to the contrary—he emphatically denies it. He merely, as a matter of pleading, admitted the truth of these allegations of the declaration, but that is quite different from admitting that he knew about them before the purchase of the notes. There is no difference in the result of the pleas in this shape than if he had simply denied same for lack of knowledge and demanded strict proof thereof, except that by this admis-

sion he eliminated unnecessary issues, for which the defendant is not to be penalized.

Secondly, the record does not show that the notes were not in existence when Tindall purchased them. It shows only that they were not in existence on the 24th of September, 1951, the date of the agent's authority to sell, and that they were not in existence until the 28th day of September. But the date of Tindall's purchase does not appear other than that they were purchased after and whenever attorney A. M. Robertson had approved the title to the security offered by the plaintiff as collateral to the notes. He denies that said Robertson was his agent or attorney.

The defendant does admit inferentially that he examined the real estate offered as security before he purchased the notes, but there is nothing to show that he examined it before the notes came into existence. There is, therefore, no damaging inference to be drawn merely from the fact that he examined the property before he purchased the notes; a purchaser has this right and it certainly would be only ordinary precaution for him to examine the property before buying the notes where the notes depended on the collateral and not on the personal signature of the maker.

The sum and substance of the defendant's pleas is simply that he never had any dealings with the plaintiff; he never agreed with Comstock to make a loan; he admits the money raising transaction between the plaintiff and the agent Comstock, but he denies emphatically that he had any such knowledge before he purchased the paper.

Let the judgment of the Court of Appeals be reversed and the judgment of the Trial Court affirmed, dismissing the plaintiff's suit with costs.